Albert KNISLEY, et al., Plaintiffs,

v.

TEAMSTERS LOCAL 654, et al., Defendants.

No. C-3-86-575.

United States District Court, S.D. Ohio, W.D.

April 17, 1987.

Sorrell Logothetis, Dayton, Ohio, for defendant Teamsters Local 654.

Dale Ann Goldberg, Asst. U.S. Atty., Dayton, Ohio, Mary Ann Garvey, Dept. of Labor, Cleveland, Ohio, for defendant Secretary of Labor.

Paul Alan Levy, Washington, D.C., Robert Karl Handelman, Columbus, Ohio, for plaintiffs.

DECISION AND ENTRY GRANTING DEFENDANT TEAMSTERS LOCAL 654'S MOTION TO DISMISS (DOC. # 5) AND GRANTING IN PART AND OVERRULING IN PART DEFENDANT WILLIAM E. BROCK'S MOTION TO DISMISS (DOC. # 8); PLAINTIFFS' COMPLAINT AS AGAINST TEAMSTERS LOCAL 654 ORDERED DISMISSED WITH PREJUDICE; CERTIFICATION AND ORDER PURSUANT TO RULE 54 THAT JUDGMENT BE ENTERED IMMEDIATELY DISMISSING PLAINTIFFS' COMPLAINT AS AGAINST DEFENDANT TEAMSTERS LOCAL 654; FURTHER PROCEDURES SET

RICE, District Judge.

This case is before the Court on Motions to Dismiss by Defendants Teamsters Local 654 [hereinafter Teamsters] (Doc. # 5) and Secretary of Labor William E. Brock [hereinafter the Secretary] (Doc. # 8). For the reasons set forth below, the Teamsters' Motion to Dismiss is granted, while the Secretary's Motion to Dismiss is granted in part and overruled in part.

## A. FACTUAL BACKGROUND

This case arises out of an election for Secretary–Treasurer, Trustee and Business Manager positions held by Teamsters Local 654 in February, 1986. According to Plaintiffs, the Local issued a notice announcing that a nominations meeting would be held on December 8, 1985 for that election, and that notice identified two ways for a candidate to be nominated: by written nomination signed by two current members and received by November 26, 1985 or by oral nomination at the meeting. Plaintiff Knisley decided to run on an opposition slate for the Business Manager position, along with James O. Brown as a candidate for Trustee and Ronald Bowshier as a candidate for Secretary–Treasurer. The nominations for these opposition slate candidates were mailed to the Union on November 20, 1985, but neither the opposition candidates nor their supporters attended the December 8, 1985 meeting. The day after the nominations meeting, Plaintiffs were allegedly told by the Local Union elections committee that they would not be permitted to run because they had failed to comply with article XXII, section 4(a)(1) of the Teamsters' Constitution, which permitted nominations to be made only at the nominations meeting. Plaintiff Knisley and the opposition slate candidates for Secretary–Treasurer and Trustee were thereupon not included on the election ballots.

Plaintiff Knisley appealed the disqualification of his nomination within the Union, and after receiving no response, he and the other two opposition slate candidates complained to the Department of Labor. In July, 1986, the Department decided that new elections should be held for Trustee and for Secretary–Treasurer under the Department's supervision, but not for the office of Business Manager. In the rerun elections for Trustee and Secretary–Treasurer, Plaintiffs' candidate for Trustee lost, but their candidate for Secretary–Treasurer defeated the incumbent by a narrow margin. That election, however, was appealed by the incumbent, Don Hager, and was ordered rerun by the Secretary because the opposition slate candidate (Bowshier) had received a hundred dollar campaign contribution from his cousin, a car dealer.

Plaintiffs have filed their Complaint in this case seeking either a court order mandating a new election for Business Manager or a determination by the Court that the Secretary acted arbitrarily and capriciously

in refusing to order a new Business Manager election.

## B. DEFENDANT TEAMSTERS' MOTION TO DISMISS

Turning first to Defendant Teamsters' Motion to Dismiss the claims made against it, the Court finds that it lacks jurisdiction to order a new election for Business Manager under Title I of the Labor Management Reporting and Disclosure Act ("LMRDA"). Accordingly, the Court finds that Plaintiffs' Complaint as against Defendant Teamsters must be dismissed for want of subject matter jurisdiction, or in the alternative failure to state a claim upon which relief can be granted.

In reaching this conclusion, the Court notes that the central issue presented by Plaintiffs' Complaint as against Defendant Teamsters is whether, after an election has been held, Title I of the LMRDA permits a district court to order new elections for a union officer upon a finding of unequal treatment of particular union members in the election process. After review of the relevant authorities, the Court concludes that it lacks such authority.

In *Furniture Movers Drivers v. Crowley*, 467 U.S. 526, 104 S.Ct. 2557, 81 L.Ed.2d 457 (1984), the Supreme Court considered the issue of whether a suit under Title I of the LMRDA seeking invalidation of an election being conducted and court supervision of a new election could properly be maintained during the course of a union election. After a thorough review of the legislative history of Title I of the LMRDA, the Court concluded:

> [N]othing in the flurry of activity that surrounded the enactment of Title I ... indicates that Congress intended that Title to reverse this consistent opposition to court supervision of union elections. Although the enactment of Title I offered additional protection to union members, including the establishment of various statutory safeguards effective during the course of a union election, there is no direct evidence to suggest that Congress believed that enforcement of Title

I would either require or allow the courts to preempt the expertise of the Secretary and supervise their own elections.

*Id.* at 545–46, 104 S.Ct. at 2568. The Court set forth some of the reasoning underlying its reluctance to allow court supervised new elections in quoting testimony of Professor Archibald Cox before the Senate Subcommittee on Labor:

> A court is ... a clumsy instrument for supervising an election. The judicial process may be suitable for determining the validity of an election which has already been held; but if it is found invalid, or if no election has been held, judges have few facilities for providing an effective remedy. Merely to order an election might turn the authority to conduct the balloting over to the very same officers whose misconduct gave rise to the litigation. The court has no tellers, watchers, or similar officials. It would become mired in the details of the electoral process. To appoint a master to supervise the election would delegate the responsibility, but the master would face many of the same problems as the judge.

*Id.* at 544 n. 19, 104 S.Ct. at 2567–68 n. 19 (quoting Labor–Management Reform Legislation: Hearings on S. 505 et al. before the Subcommittee on Labor of the Senate Committee on Labor and Public Welfare, 96th Cong., 1st Sess., 133–134 (1959)). Moreover, the *Crowley* Court indicated that "Congress made suits by the Secretary under Title IV the exclusive post-election remedy for challenges to an election '(1) to protect unions from frivolous litigation and unnecessary judicial interference with their elections, and (2) to centralize in a single proceeding such litigation as might be warranted with respect to a single election.'" *Id.* at 549, 104 S.Ct. at 2570 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 532, 92 S.Ct. 630, 633, 30 L.Ed.2d 686 (1972)); *see also Molina v. Union de Trabajadores de Mulles*, 762 F.2d 166, 168 (1st Cir.1985) ("*Crowley* explicitly states that section 403, the exclusivity provision, prohibits Title I relief which involves challenging an already conducted election....").

■ Accordingly, this Court must conclude that while *Crowley* on its facts deals solely with court intervention in an *ongoing* union election, the Court therein unambiguously indicated that Title IV of the LMRDA is the exclusive avenue for union members seeking a new election. Thus, even if a complaint states claims seemingly cognizable under Title I, if the complainant seeks a new election, Title IV provides his or her exclusive remedy. This Court is accordingly without jurisdiction under Title I of the Act to order such a new election, and therefore finds Defendant Teamsters' Motion to Dismiss to be well taken and dismisses Plaintiffs' claims as against that Defendant.

## C. DEFENDANT SECRETARY'S MOTION TO DISMISS

In the Defendant Secretary's Motion to Dismiss, the Secretary in essence argues that there is no private right of action against him under Title IV of the LMRDA and that to the extent that Plaintiffs' Complaint seeks to state a claim under the Administrative Procedure Act, he has not acted arbitrarily or capriciously. In reply, Plaintiffs assert that their claim against the Secretary is based entirely upon the Administrative Procedure Act, and cite *Dunlop v. Bachowski*, 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1976), in support of such a claim for relief.

■ Initially, the Court notes that there is no private right of action against the Secretary under Title IV of the LMRDA. *See, e.g., Calhoon v. Harvey*, 379 U.S. 134, 140, 85 S.Ct. 292, 296, 13 L.Ed.2d 190 (1964). Thus, to the extent that Plaintiffs' Complaint could be construed as based upon a private right of action under Title IV of the LMRDA (and Plaintiffs assert that it is not based on that Title), it is dismissed.

■ On the other hand, as *Dunlop* makes clear, this Court has jurisdiction under 28 U.S.C. § 1337 for claims brought under the Administrative Procedure Act. *See* 421 U.S. at 566, 95 S.Ct. at 1857. Plaintiffs' Complaint plainly indicates that review is being sought under the Adminis-

trative Procedure Act, and therefore adequately put the Defendant Secretary on notice that such claims were being brought. *See* Plaintiffs' Complaint (Doc. # 1) ¶¶ 1 and 22. Accordingly, the Court finds that it has jurisdiction to review the Secretary's refusal to order a new election for the Business Manager position under 5 U.S.C. § 701(a) pursuant to 28 U.S.C. § 1337.

■ Review of the Secretary's decision is limited to an examination of the Secretary's statement of reasons for not ordering a new election for Business Manager:

> Except in what must be the rare case, the Court's review should be confined to examination of the "reasons" statement, and the determination of whether the statement, without more, evinces that the Secretary's decision is so irrational as to constitute the decision arbitrary and capricious.

*Dunlop*, 421 U.S. at 572–73, 95 S.Ct. at 1860. In the present case, the Defendant Secretary has not yet put before the Court his statement of reasons for finding that no new election need be held for the business manager position. Without having before it such a statement of reasons, it is impossible for the Court to determine whether the Secretary's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." 5 U.S.C. § 706(2)(A). Accordingly, the Defendant Secretary's Motion to Dismiss Plaintiffs' Complaint, insofar as it seeks review under the Administrative Procedure Act, is overruled.

## D. CONCLUSION

In sum, Defendant Teamsters' Motion to Dismiss (Doc. # 5) is granted in its entirety, but the Defendant Secretary's Motion to Dismiss (Doc. # 8) is granted and Plaintiff's Complaint is dismissed, but only to the extent that it can be construed to claim a private right of action against the Secretary directly under Title IV of the LMRDA. Remaining before the Court are Plaintiffs' claims against the Secretary based upon review of the Secretary's decision-making under the Administrative Procedure Act.

## E. FURTHER PROCEDURES

Having determined that only Plaintiffs' claims against the Secretary under the Administrative Procedure Act remain viable, the Court hereby sets the following procedures for resolution of Plaintiffs' Motion for Preliminary Injunction:

1. Since only Plaintiffs' Administrative Procedure Act claim remains against the Defendant Secretary (Plaintiffs' claim against the Defendant Teamsters and claim against the Secretary based directly under Title IV of the LMRDA having been dismissed) and since the Court's review of that claim is limited to consideration of the administrative record, the Court will consolidate consideration of Plaintiffs' Motion for Preliminary Injunction with its determination of the merits of Plaintiffs' Complaint for Declaratory and Injunctive Relief. Fed.R.Civ.P. 65. The parties accordingly will file cross motions for summary judgment.

2. The Defendant Secretary will file within 30 days of receipt of this Decision a motion for summary judgment along with the administrative record of the Secretary's proceedings and/or investigations in this case. If the Defendant Secretary believes any of the administrative record to be privileged or irrelevant to the proceedings before this Court, he will notify the Plaintiffs' of the general contents of those materials not filed with the Court.

3. Plaintiffs upon receipt of the Defendant Secretary's motion for summary judgment will have 20 days to file a memorandum in opposition or a cross motion for summary judgment. If the Secretary indicates that the entire administrative record is not being produced, Plaintiffs should indicate to the Court those materials they believe to be non-privileged and relevant, and the Court will review those materials *in camera*.

4. The Defendant Secretary upon the filing of Plaintiffs' memorandum in opposition or cross motion for summary judgment will have ten (10) days to file a reply memorandum.

5. A conference call is hereby set between the Court and all counsel (including counsel for Defendant Teamsters) for Wednesday, April 22, 1987, at 5 p.m. in order to discuss resolution of Plaintiffs' Motion for Preliminary Injunction ordering an immediate election for Secretary–Treasurer and Plaintiffs' Amended Complaint.

## F. CERTIFICATION

In addition, the Court hereby certifies pursuant to Fed.R.Civ.P. 54(b) that there is no just reason for delay of entry of judgment upon the Court's decision to dismiss Plaintiffs' claims as against Defendant Teamsters. Accordingly, judgment is hereby ordered entered dismissing Plaintiffs' Complaint as against Defendant Teamsters.