Albert KNISLEY; Larry Donaldson; Terry L. Stidham,
Plaintiffs–Appellants,

v.

TEAMSTERS LOCAL 654,
Defendant–Appellee,

William E. Brock, Secretary of Labor, Defendant.

No. 87–3400.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 11, 1988.

Decided April 19, 1988.

Paul Alan Levy (argued), Public Citizen Litigation Group, Washington, D.C., for plaintiffs-appellants.

Sorrell Logothetis (argued), Logothetis and Pence, Dayton, Ohio, for defendant-appellee.

Before GUY and BOGGS, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

On November 26, 1986, plaintiff Albert Knisley and two other union members commenced this action against Teamsters Local 654 (Local 654 or the Union) and William E. Brock, Secretary of Labor. Plaintiffs al-

lege that the Union violated their rights under Title I of the Labor Management Reporting and Disclosure Act (LMRDA or Act) by refusing to accept Knisley's nomination in an election for the office of business agent of Local 654. Plaintiffs' claims against the Secretary were based on their allegation that the Secretary had acted in an arbitrary and capricious manner in violation of the Administrative Procedure Act (APA) by ruling that the office of business agent was not an elected position subject to the coverage of Title IV of the LMRDA. The district court granted the Union's motion to dismiss, finding plaintiffs' claims under Title I were precluded by Title IV of the LMRDA which provides the exclusive remedy through an administrative appeal process to the Secretary of Labor. The court, however, denied the Secretary's motion to dismiss, finding that it could not properly determine whether the Secretary's actions were arbitrary and capricious until the Secretary had provided the court with a written statement of reasons for not ordering a new election for the position of business agent. The court granted the plaintiffs' motion to have the judgment dismissing their claims against the Union certified as a final and appealable order pursuant to Fed.R.Civ.P. 54(b). Because the Secretary has determined that Title IV does not apply in this case, we find that the district court erred in holding that plaintiffs' Title I claims were precluded by Title IV.

## I.

The facts in this case are essentially undisputed. This action arose as the result of an election held by Local 654 in February, 1986. Prior to the February election, the secretary-treasurer of Local 654 issued a notice announcing that a nominations meeting would be held on December 8, 1985, to receive nominations for the positions of business agent, secretary-treasurer and for three trustee positions. The notice specified that there were two ways to be nominated: (1) by a written nomination signed by two current members, and (2) by oral nomination at the meeting. The plaintiffs and other members of Local 654 were dissatisfied with the local leadership so they

formed an opposition slate to run in the upcoming election. Plaintiffs mailed in the nominations for their candidates on November 20, 1985, prior to the November 26 deadline. Plaintiffs did not attend the nominations meeting which took place on December 8, 1985. The day after the meeting, plaintiffs received a letter from Local 654 stating that each of the three nominees would not be permitted to run because they had failed to comply with Article XXII, Section 4(a)(1) of the Union Constitution. That provision states in pertinent part, "Candidates must accept nominations at the time [of the meeting] made either in person, or if absent, in writing, and may accept nominations for only one office." The letter explained that the nominations of the dissident candidates had been rejected because the candidates were not present at the meeting to accept the nominations in person.

Plaintiff Albert Knisley had been nominated to the office of business agent and he appealed his disqualification to the General President of the International Brotherhood of Teamsters. After the Union failed to respond to his appeal, plaintiff and two other opposition candidates filed a complaint with the Department of Labor. In July of 1986, the Secretary of Labor decided that new elections should be held for trustee and for secretary-treasurer under the Department of Labor's supervision. The Secretary, however, refused to order a new election for the office of business agent. The Secretary never issued a formal written explanation of why the position of business agent was treated differently. Plaintiffs allege that their counsel was informed by the Department of Labor that the business agent position was not an "officer" whose election was mandated under Title IV of the LMRDA. Apparently, the Department had concluded that it lacked the statutory authority to compel an election for that office.

A rerun election was held in October, 1986, with the result that plaintiffs' candidate for trustee was defeated, but the challenger candidate for secretary-treasurer position won by a narrow margin. The

incumbent secretary-treasurer protested the election on the basis that the challenger had received improper campaign contributions. The Department of Labor investigated and decided that yet another rerun election should be held for the position of secretary-treasurer. Apparently, that rerun election has not yet occurred.

Plaintiffs filed suit in federal court against the Union and the Secretary seeking either a court order mandating a new election for the position of business agent or, in the alternative, a determination by the court that the Secretary had acted in an arbitrary and capricious manner by refusing to order a new business agent election. Both Local 654 and the Secretary filed motions to dismiss. On April 17, 1987, the district court issued an order granting the Union's motion to dismiss and granting in part and overruling in part the Secretary's motion to dismiss. With respect to the plaintiffs' Title I claims against the Union, the district court dismissed them for "want of subject matter jurisdiction, or in the alternative failure to state a claim upon which relief can be granted." Relying on the Supreme Court's decision in *Local No. 82, Furniture & Piano Moving Drivers v. Crowley,* 467 U.S. 526 (1984), the district court ruled that the administrative appeal procedures contained in Title IV of the LMRDA provided the exclusive post-election remedy for union members seeking to challenge the results of a union election. The court found that even if the claims alleged by the plaintiffs were cognizable under Title I, they were precluded by overlapping provisions of Title IV and, therefore, the court lacked jurisdiction to hear the claims, 680 F.Supp. 1064.

With respect to the claims brought against the Secretary of Labor, the district court ruled that such claims were dismissed to the extent that they were based on an alleged private right of action under Title IV of the LMRDA. The district court, however, refused to dismiss the plaintiffs' claim that the Secretary's refusal to order a new election for the business manager position was arbitrary and capricious in violation of the APA. 5 U.S.C. § 706(2)(a). The district court determined that it could not properly rule on this issue until the Secretary had submitted a written statement of his reason for not ordering a new election for the business agent position. Therefore, the court ordered the Secretary to file another motion for summary judgment along with the administrative record of the proceedings and/or the investigation in the case.

## II.

Title I of the LMRDA and specifically section 101, 29 U.S.C. § 411, is the "Bill of Rights" for union members. In relevant part, section 101 provides that union members "shall have equal rights ... to nominate candidates, [and] to vote in elections or referendums of the labor organizations...." 29 U.S.C. § 411(a)(1). Section 102 is the enforcement provision for Title I violations and provides in part that "[a]ny person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate." 29 U.S.C. § 412.

Title IV of the LMRDA, 29 U.S.C. § 481 *et seq.*, governs the election of union officers on the local, national and international levels. Section 401(e) of Title IV specifically addresses the nomination and eligibility of candidates for union offices. 29 U.S.C. § 481(e).[1] In contrast to Title I, which

---

1. Title 29 U.S.C. § 481(e) provides:

In any election required by this section which is to be held by secret ballot a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed) and shall have the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization or any member thereof. Not less than fifteen days prior to the election notice thereof shall be mailed to each member at his last known home address. Each member in good standing shall be entitled to one vote. No member whose dues have been

allows union members to file suit in federal district court, the enforcement provisions of Title IV provide that a union member may file a complaint with the Secretary of Labor after fulfilling certain procedural prerequisites. 29 U.S.C. § 482(a). The Secretary is then required to investigate the complaint, and must file suit in federal district court to set aside the election if "he finds probable cause to believe that a violation of this subchapter has occurred and has not been remedied...." 29 U.S.C. § 482(b). Congress also included in Title IV an exclusivity provision contained in section 403 which provides in relevant part:

> Existing rights and remedies to enforce the constitution and bylaws of a labor organization with respect to elections prior to the conduct thereof shall not be affected by the provisions of this subchapter. The remedy provided by this subchapter for challenging an election already conducted shall be exclusive.

29 U.S.C. § 483. Relying on this provision, the Supreme Court has held that Title IV " 'sets up an exclusive method for protecting Title IV rights,' and that Congress 'decided not to permit individuals to block or delay union elections by filing federal-court suits for violations of Title IV.' " *Local No. 82, Furniture & Piano Moving Drivers v. Crowley*, 467 U.S. 526, 540, 104 S.Ct. 2557, 2565, 81 L.Ed.2d 457 (quoting *Calhoon v. Harvey*, 379 U.S. 134, 140, 85 S.Ct. 292, 296, 13 L.Ed.2d 190 (1964)).

As should be evident from the foregoing synopsis, there is an identifiable overlap between Titles I and IV. Both Titles I and IV address the right to vote in an election; however, Title I suits may be initiated in the district court, whereas the enforcement provisions for Title IV require the litigant to file a complaint with the Secretary. In *Crowley*, the Supreme Court was called upon to address the conflict that exists between the separate enforcement mechanisms included in Titles I and IV. Specifically, the question before the Court was whether a district court could entertain a suit brought by union members alleging violations of Title I during the course of a union election. First, the Supreme Court found that "the exclusivity provision included in § 403 of Title IV plainly bars Title I relief when an individual union member challenges the validity of an election that has already been completed." 467 U.S. at 541, 104 S.Ct. at 2566 (footnote omitted). The Court went on to conclude that this exclusivity provision of Title IV also precludes suits brought under Title I where a plaintiff is challenging the validity of an *upcoming* election and is seeking an injunction against that election. *Crowley*, 467 U.S. at 551, 104 S.Ct. at 2571.

In the instant case, the district court relied on the Supreme Court's opinion in *Crowley* in dismissing plaintiffs' claims against the Union. The district court stated that *Crowley* "unambiguously indicated that Title IV of the LMRDA is the exclusive avenue for union members seeking a new election. Thus, even if a complaint states claims seemingly cognizable under Title I, if the complainant seeks a new election, Title IV provides his or her exclusive remedy." Therefore, the district court dismissed the plaintiffs' Title I claims which sought a new election for the position of business agent.

On appeal, the plaintiffs contend that the district court's decision is contrary to the law of this circuit as established by our opinion in *BLE International Reform Committee v. Sytsma*, 802 F.2d 180 (6th Cir.1986). In *Sytsma*, members of the Brotherhood of Locomotive Engineers protested the way in which their union had conducted an election to recall the interna-

withheld by his employer for payment to such organization pursuant to his voluntary authorization provided for in a collective bargaining agreement shall be declared ineligible to vote or be a candidate for office in such organization by reason of alleged delay or default in the payment of dues. The votes cast by members of each local labor organization shall be counted, and the results published, separately. The elec-

tion officials designated in the constitution and bylaws or the secretary, if no other official is designated, shall preserve for one year the ballots and all other records pertaining to the election. The election shall be conducted in accordance with the constitution and bylaws of such organization insofar as they are not inconsistent with the provisions of this subchapter.

tional union president. The plaintiffs in *Sytsma* alleged that the incumbent officers had unlawfully manipulated union procedures to prevent the recall effort from succeeding. They sued under Titles I and V of the LMRDA, but the district court dismissed on the grounds that protests over an unfair recall election were, in effect, Title IV claims that could only be presented to, and litigated by, the Secretary of Labor.

This court reversed the dismissal because the Secretary's own regulations indicated that *recall* elections were not covered by Title IV. Therefore, this court concluded that the exclusivity provisions of Title IV did not preclude the union members' Title I suit:

> We conclude, therefore, that the Title IV enforcement procedures do not apply when the complaint does not state a Title IV claim; in order for there to be a Title IV claim, the election being challenged must be the type of election specifically required by Title IV.... Since Title IV rights are not involved in this case, *Crowley*'s prohibition against filing Title I challenges to previously conducted elections does not apply since there is not an overlap of Title I and Title IV rights; consequently, the district court erred in granting summary judgment for the defendants on this basis.

*Sytsma*, 802 F.2d at 191.

In the instant case, the Secretary has apparently determined that the office of business agent is not among the offices covered by the election regulations contained in Title IV. This was the rationale given in support of the Secretary's refusal to order a new election for that office. If the Title IV regulations do not apply to the election of business agents, then the exclusivity provisions of Title IV are likewise inapplicable. Thus, the district court erred in concluding that the plaintiffs' Title I claims against the Union were precluded by Title IV. To hold otherwise would result in a "whip-saw" effect whereby plaintiffs would be denied a remedy under either Title I or Title IV. Therefore, in accordance with our previous decision in *Sytsma*,

we conclude that the plaintiffs should be allowed to proceed with their Title I claims against the Union where the Secretary has previously determined that Title IV does not apply.

We emphasize that our decision in the instant case is not meant to reflect an opinion as to whether the office of business agent is within the scope of Title IV. That issue is not before us. Rather, we merely hold that the court erred in ruling that the plaintiffs' Title I claims against the Union were precluded by the exclusivity provisions of Title IV where the Secretary has already determined that Title IV does not apply.

Accordingly, the district court's ruling is REVERSED and REMANDED for further proceedings not inconsistent with this opinion.