**TEAMSTERS FOR A DEMOCRATIC UNION, et al., Appellants**

v.

**SECRETARY, DEPARTMENT OF LABOR, et al.**

No. 86–5225.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 21, 1987.

Decided Feb. 6, 1987.

Harry T. Edwards, Circuit Judge, concurred and filed opinion.

Arthur L. Fox, II, with whom Alan B. Morrison, Washington, D.C., was on the brief for appellants.

Freddi Lipstein, Dept. of Justice, with whom Richard K. Willard, Asst. Atty. Gen., Dept. of Justice, Joseph E. diGenova, U.S. Atty. and Robert S. Greenspan, Dept. of Justice, Washington, D.C., were on the brief for appellee, Dept. of Labor.

Gary S. Witlen, Washington, D.C., and David Previant, Milwaukee, Wis., were on the brief for appellee, Intern. Broth. of Teamsters.

Before EDWARDS, GINSBURG and GINSBURG, Circuit Judges.

Opinion for the Court PER CURIAM.

Concurring opinion filed by Circuit Judge HARRY T. EDWARDS.

PER CURIAM:

We affirm the judgment of the District Court, see Teamsters for a Democratic Union v. Secretary of Labor, 629 F.Supp. 665 (D.D.C.1986), for the reasons stated in the court's opinion. As the District Court found, the appellants are essentially challenging delegate eligibility requirements for national conventions to elect union officers under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (the "Act"), 29 U.S.C. §§ 481–483 (1982). Accordingly, the appellants are limited to the post-election remedies provided in section 402 of the Act, 29 U.S.C. § 482 (1982).

*So ordered.*

HARRY T. EDWARDS, Circuit Judge, concurring:

The appellants argue that post-election remedies are inadequate in those situations, as here, where the Secretary of Labor has approved an election procedure in advance by opinion letter or interpretive rule. That argument, however, is untenable. As the government conceded at oral argument, a district court in a *Bachowski* suit, *see Dunlop v. Bachowski*, 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975), would be empowered to remedy infirmities in a union election notwithstanding the fact that the Secretary had approved the election procedures in advance. In other words, pre-election approval would not in and d itself constitute a defense precluding relief that would otherwise be appropriate under *Bachowski*. It is with this understanding that I concur in the judgment of the court.