**LOCAL 1575, INTERNATIONAL LONG-SHOREMEN ASSOCIATION, AFL–CIO, Plaintiffs,**

v.

**Robert REICH, U.S. Secretary of Labor; Carlos Santiago–Lugo, Defendants.**

**Civil No. 96–1443 (HL).**

United States District Court, D. Puerto Rico.

Dec. 19, 1996.

**330**

Nicolas Delgado–Figueroa, Puerto Nuevo, PR, for Local 1575, International Longshoremen Association, AFL–CIO.

Fidel A. Sevillano–Del–Rio, U.S. Attorney's Office, District of P.R., Civil Division, Hato Rey, PR, for Robert B. Reich, Carlos Santiago–Lugo.

Ada Perez–Alfonso, San Juan, PR, for International Longshoremen Association.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court are Plaintiff's motion for summary judgment on the merits, Defendants' reply thereto, Defendants' Rule 12(b)(1) and Rule 12(b)(5) motions to dismiss, and Plaintiff's reply thereto. (Dkt. Nos. 13, 17, & 19). Because the Court finds merit in Defendants' Rule 12(b)(1) motion asserting that the Court lacks subject-matter jurisdiction over Plaintiff's complaint, the Court does not reach the merits of Plaintiff's motion and dismisses the complaint with prejudice.

## STANDARD OF REVIEW

The Court shall apply the well-known standard of review for Rule 12(b) motions to dismiss. The Court assumes that Plaintiff's allegations in its complaint are true and draws all reasonable inferences from these allegations in Plaintiff's favor. *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990).

## FACTS

In the complaint filed on April 10, 1996, Plaintiff, the Local 1575 of the International Longshoremen Association, AFL–CIO ("Local 1575"), requests declaratory relief before the June 9, 1996 elections. Local 1575 wants the Court to declare that its local bylaws and constitution regarding the voting rights of its retired members trumps the apparently contradictory rule in Article XVI Section 1 of the International Longshoremen Association's constitution. Local 1575 filed the complaint before the election with the hope of persuading the Court to permit its retired members to vote even though they have not paid their union dues. By the time that Defendants answered the complaint, the election was over and the votes of the retired members who had not paid their dues did not count.

It is unclear why Local 1575 is bringing the lawsuit against the United States Secretary of Labor, Robert B. Reich, and the District Director of the Department of Labor, Carlos Santiago–Lugo. According to the complaint, the Secretary and the District Director were organizing new elections for the Local 1575's Board of Directors pursuant to an order and judgment entered by Judge Cerezo in the District Court of Puerto Rico. The Secretary of the International Union, Robert Gleason, informed the District Director that only the retired members who paid their union dues for the prior six years had the right to vote. When the elections were held on June 9, 1996, therefore, the Secretary and the District Director complied with Gleason's directive and prohibited the retired members who have not paid their dues from voting. Why Local 1575 never filed a formal complaint with the International Longshoremen Association or the Secretary of Labor is unclear. In the complaint, Local 1575 simply states that "Plaintiff and Defendant have no adequate remedy at law

to determine the rights of the pensioners to vote." Pl's Compl., Dkt. No. 1, at ¶ 8.

In Local 1575's motion for summary judgment, it states that the District Director permitted eighty retired union members to vote but would not count their vote unless this Court ordered otherwise. Pl's Mot. Summ.J., Dkt. No. 13 at Statement of Material Facts. The votes of these eighty members could have affected the election of the Treasurer and two Directors. *Id.* at 2–3. Local 1575 concluded its motion with the request that "the Court enter summary judgment declaring the rights of pensioners to vote and *their vote be counted in the June 9, 1996 elections."* *Id.* at 8.

## DISCUSSION

Defendants have moved to dismiss the complaint on the grounds that the Court lacks subject-matter jurisdiction. Defs.' Cross–Mot. to Dismiss, Dkt. No. 17 at 2–3. Although Defendants base their argument on the erroneous concept that Judge Cerezo has retained jurisdiction over any disputes arising out of the June 9, 1996 union elections, in an independent examination of Local 1575's complaint the Court finds that it lacks subject-matter jurisdiction over this dispute under the Labor–Management Reporting and Disclosure Act of 1959. *See* 29 U.S.C.A. 401 *et seq.* (West 1985).

The Court forewarned Local 1575 that the Court may lack subject-matter jurisdiction over its complaint because the Labor Management Reporting and Disclosure Act of 1959 "requires not only the exhaustion of all remedies available with the union but also the filing of a complaint with the Secretary of Labor before proceeding with any further action." September 17, 1996 Order, Dkt. No. 18. In fact, the Court asked Local 1575 to "consider carefully" the Court's jurisdiction over the issue. Unfortunately, in its response, Local 1575 failed to discuss the Court's subject-matter jurisdiction. Pl.'s Reply, Dkt. No. 19. For the benefit of the parties, the Court shall explain briefly why this dispute is not ripe for the District Court of Puerto Rico's review.

Under the Labor Management Reporting and Disclosure Act of 1959, federal courts have subject-matter jurisdiction over disputes arising out of alleged violations of Title I and Title IV of the Act. 29 U.S.C.A. §§ 412 & 482 (West 1985). Title I protects the labor organization member's (a) right to be free of discrimination, (b) freedom of speech and assembly, (c) union dues and initiation fees, (d) right to sue, and (e) freedom from improper disciplinary action. *Id.; Local No. 82, Furniture and Piano Moving v. Crowley,* 467 U.S. 526, 536–37, 104 S.Ct. 2557, 2563–64, 81 L.Ed.2d 457 (1984); *Calhoon v. Harvey,* 379 U.S. 134, 139, 85 S.Ct. 292, 295–96, 13 L.Ed.2d 190 (1964); *Meader v. District Lodge No. 4, IUMSWA,* 786 F.Supp. 95, 101 (D.Me.1992). These liberties are known as the union member's "bill of rights." Pursuant to section 102 of Title I, union members neither need to exhaust their remedies under the local bylaws nor file a complaint with the Secretary of Labor. They may file a complaint alleging a violation of their bill of rights directly in federal court. 29 U.S.C.A. §§ 411 & 412 (West 1985).

Title IV, in contrast, governs the rules and regulations for union elections. 29 U.S.C.A. §§ 481 & 482 (West 1985). "Title IV sets up a statutory scheme governing the election of union officers, fixing terms during which they hold office, requiring that elections be by secret ballot, regulating the handling of campaign literature, requiring a reasonable opportunity for the nomination of candidates, authorizing unions to fix 'reasonable qualifications uniformly imposed' for candidates, and attempting to *guarantee fair union elections in which all members are allowed to participate."* *Calhoon,* 379 U.S. at 140, 85 S.Ct. at 296 (emphasis added). This latter category includes the requirement that "every member in good standing . . . shall have the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization or any member thereof." 29 U.S.C.A. § 481(e) (West.1985).

Unlike individuals alleging violations of Title I, persons filing complaints alleging violations of Title IV must exhaust all the remedies available under the constitution and bylaws of the union. 29 U.S.C.A.

§ 482(a) (West 1985). Once the person fulfills this requirement without obtaining a remedy, he or she must file a complaint with the Secretary of Labor. *Id.* "The challenged election shall be presumed valid pending a final decision thereon ... and in the interim the affairs of the organization shall be conducted by the officers elected or in such other manner as its constitution and bylaws may provide." *Id.* The Act gives the Secretary the discretion to investigate the complaint and file an appropriate complaint in the federal courts. "In so doing Congress, with one exception not here relevant, decided not to permit individuals to block or delay union elections by filing federal court suits for violations of Title IV." *Calhoon,* 379 U.S. at 140, 85 S.Ct. at 296. Section 403 establishes clearly that Title IV provides the exclusive means by which union members may challenge the validity of an election that has already taken place. 29 U.S.C.A. § 483 (West 1985).

Courts have not hesitated to dismiss complaints which have alleged violations of Title I in form but upon close inspection are actually complaints over alleged violations of Title IV. Appropriately, courts have been wary of union members who attempt to skip over the required exhaustion of union remedies and the filing of a complaint with the Secretary of Labor in order to jump directly to an individual lawsuit in federal court. *See Calhoon v. Harvey,* 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964) (dismissing complaint alleging violations of nominating rights because bylaw applied even-handedly to all union members and action was really a Title IV complaint); *Molina v. Union De Trabajadores De Muelles Y Ramas Anexas, Local 1740, UTM–ILA,* 762 F.2d 166, 168 (1st Cir. 1985) (dismissing complaint alleging violations of equal voting rights because the allegations really questioned the overall fairness of the voting process under Title IV rather than an individual's unequal treatment); *Kirrane v. Transport Workers Union of America,* 781 F.Supp. 1044, 1050–51 (S.D.N.Y. 1992) (dismissing claim alleging violation of eligibility rights brought under the guise of Title I because lawsuit was actually based upon an alleged violation of Title IV right); *Teamsters for a Democratic Union v. Secre-*

*tary of Labor,* 629 F.Supp. 665, 669–72 (D.D.C.1986) (union members pre-election challenge to Secretary's interpretation of Title IV of the Act precluded), *aff'd* 810 F.2d 301 (D.C.Cir.1987); *Anson v. National Maritime Union of Am.,* 595 F.Supp. 847, 850–51 (S.D.N.Y.1984) (dismissing complaint alleging violations of nominating process for union delegates to the convention and the use of union funds to promote candidacies because it was actually an action under Title IV).

Local 1575's complaint is analogous to these cases. It is a pre-election challenge to the voting rights of the retired members. In neither form nor substance does Local 1575 allege that the failure to permit non-dues paying retired members from voting violated their equal rights guaranteed under Title I. Even if alleged, Local 1575's complaint does not suggest that some retired members were discriminated against and treated differently from others. Indeed, all retired members who failed to pay their union dues for the past six years were treated even-handedly. Their votes did not count in the final tally of the election results.

Local 1575's complaint arises out of section 401's guarantee that all members in good standing shall have the right to vote. Clearly, this is a Title IV right. In its complaint and motion for summary judgment, Local 1575 emphasizes that it is seeking declaratory relief as opposed to the nullification of the June 9, 1996 elections. For two reasons this is, however, a distinction without a difference. First, Local 1575 filed its complaint before the election with the hope that the Court's ruling would affect the June 9, 1996 elections. Second, Local 1575 is attacking the overall fairness of the June 9, 1996 elections. It states clearly in its motion for summary judgment that it is seeking to alter the results of the elections including the election of the Treasurer and two Directors.

Consequently, the Court finds that Local 1575 is actually requesting relief pursuant to Title IV of the Labor Management Reporting and Disclosure Act of 1959. Because Local 1575 must first exhaust its remedies under the bylaws and constitution of its organization and then file a complaint with the Secre-

tary of Labor, the Court lacks subject-matter jurisdiction to entertain its claim. Local 1575's complaint is hereby dismissed with prejudice. Judgment shall be entered accordingly.

IT IS SO ORDERED.